ERASTUS EUGENE HOLT *vs.* GEORGE F. ELWELL.

Cumberland.    Opinion March 30, 1915.

*Amendment of Verdict.    Check.    Judgment for Return.    Receiver.    Replevin.*
*Sale.    Sealed Verdict.    Tender.    Verdict.*

1.  The jury, after having been instructed by the court, were furnished by the clerk blank verdicts used in actions of tort, instead of verdicts used in cases of replevin.    The jury returned to court a verdict signed by foreman, the one marked "Defendant," that the defendant was not guilty.

2.  The verdict is not so clearly against the evidence as to authorize the court to set it aside as against law and evidence.

3.  The verdict, pleading and facts in this case show that the jury intended to return a verdict for the defendant, but by a clerical error, returned a wrong verdict.

4.  The law does not allow a clerical error in a matter of form to deprive a suitor of a verdict won upon the merits of the case, and the verdict may be amended by the court and nominal damages awarded the defendant and a return ordered.

On motion for new trial by plaintiff.    Motion overruled.

Replevin for four pigs, tried in the Supreme Court for Cumberland County at December term, 1914.    Plea, general issue, with brief statement alleging title is not in plaintiff, but in the defendant.    The jury returned a verdict that the defendant is not guilty in manner and form as plaintiff has declared against him.    The plaintiff filed the usual motion for new trial, with the additional reason that the verdict is not responsive to the issues presented.

The case is stated in the opinion.

*Sidney St. F. Thaxter,* for plaintiff.

*Hinckley & Hinckley, and E. H. Wilson,* for defendant.

SITTING:  SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J.    This is an action of replevin for four pigs, tried at the December term, 1914, of the Superior Court for Cumberland County.

The verdict was for the defendant, and the case is before this court upon a motion to set aside the verdict because: 1. As against law and evidence. 2. Because the verdict was not responsive to the issue.

The plaintiff claimed that he had repudiated and rescinded the sale of the pigs by his man servant, whom he claimed he instructed to sell them to a packing company. The defendant claimed that, if the servant did not have authority to sell the pigs to him, the plaintiff ratified the sale with full knowledge of all the facts, and that the plaintiff did not return to him the check and money paid to the servant for the pigs and given the plaintiff by the servant. The plaintiff claimed he tendered them to the defendant after the pigs were replevied and the defendant refused to receive them, but the plaintiff did not keep his tender good by bringing them into court, or offering at the trial to return them.

The verdict is not so clearly against the evidence that we are authorized to set it aside as against law and evidence. When the jury retired to their room it was seven o'clock P. M., and they were instructed, if they agreed upon a verdict, to seal the verdict and notify the officer, who would allow them to separate, and to return the verdict at the coming in of court in the morning.

It seems that the clerk, instead of furnishing the verdicts usual in cases of replevin, gave the jury the blanks used in actions of tort, and they used and returned to the court, signed by the foreman, the one marked "Defendant," "that the defendant was not guilty," and the plaintiff asks that the verdict be set aside because it is not responsive to the pleadings and does not settle the title.

The plaintiff states in his brief: "The only issue presented was one of title as between the plaintiff and defendant, and the burden rested upon the plaintiff to establish his title." The court instructed the jury, "If they (the pigs) were the property of the plaintiff, then of course your verdict would be for him. If they were the property of the defendant, or any person other than the plaintiff, your verdict would be for the defendant, which means a judgment for the return to him of the pigs."

In *Moulton* v. *Bird*, 31 Maine, 296, the court said: "It is apparent by the record that no other fact was in issue, than that of property, which must have been found for the defendant, and he being in possession is entitled to a return." And in *Moulton* v. *Smith*, 32

Maine, 406, the court, referring to the above case, said: "Although a return was ordered to Bird, it was not done upon the verdict alone, but upon that, with the pleadings and the facts of the case." The verdict, pleadings and facts in this case show that the jury intended to return a verdict for the defendant, but, by a clerical error, returned a wrong verdict. In *Hoey* v. *Candage*, 61 Maine, 257, the plea was "Not Guilty" and the verdict returned was that the defendant "did promise," and the court said: "The verdict was clearly erroneous in point of form; but we fail to see how the substantial rights of the parties have been affected by the mistake. There is no room for doubt as to the party in whose favor the jury intended to decide, nor as to the amount which they held him entitled to recover. The form of the verdict was doubtlessly inadvertently furnished by the clerk and never engaged the attention of the jury," and the court allowed the verdict to be amended.

In this case, as in that, the form of the verdict was inadvertently furnished by the clerk and never engaged the attention of the jury, and the law does not allow a clerical error in a matter of form to deprive a suitor of a verdict won upon the merits of his case. The verdict may be amended by the court, and nominal damages awarded the defendant, and a return ordered *Moulton* v. *Bird*, supra.

*Motion overruled.*